FILED
TIME: 1:17 pm
JUN 2 9 2010
JAMES BONINI, Clerk
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID EASLEY,  CASE NO. 2:10-cv-596

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

### REPORT AND RECOMMENDATION AND ORDER

On October 31, 2005, this Court received a habeas corpus petition from petitioner David Easley, a state prisoner. The petition was filed in the Western Division of this Court, at Cincinnati, and subsequently transferred to this division of the Court because petitioner was convicted in Franklin County, Ohio, which is within the Eastern Division. Through oversight, no further proceedings were conducted until this date.

Petitioner has requested leave to proceed *in forma pauperis*. That request is **GRANTED**. The Clerk is directed to open a civil case for purposes of filing the *in forma pauperis* application and complaint that were previously filed in Case No. 2:06-mc-0001 and for purposes of filing this Report and Recommendation and Order. The Court now reviews the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it will be recommended that the petition be dismissed.

### I. PROCEDURAL HISTORY

In his petition, petitioner appears to be challenging two different judgments of conviction entered in the Franklin County Court of Common Pleas. He was sentenced in a 1993 case to various prison terms after being convicted of robbery, aggravated robbery, and kidnaping. On appeal from that conviction, the Franklin County Court of Appeals sustained petitioner's challenge to multiple sentences for these offenses and remanded the case for imposition of sentence on only one of the charges, which appears to be a ten to twenty-five year sentence. *See State v. Easley*, 1995 WL 360250 (Franklin Co. June 13, 2005).

In a 1994 case, he entered a guilty plea to a different charge and received a concurrent sentence but also received a three-year consecutive sentence for a firearms specification. *See* Petition. He makes a number of claims about these sentences, including a claim under Ohio law that as a first-time offender he was entitled to receive a minimum sentence, rather than the maximum sentence which was imposed, and a claim that he was "entitled to trial fact finder for sentence enhancements."

After the appeal described above, it appears that petitioner took no further action in his case until 2005. In that year, according to exhibits attached to the petition, petitioner filed a motion to vacate his sentence with the Franklin County Court of Appeals. The motion was denied. Petitioner does not allege that he sought review of that denial from the Ohio Supreme Court. He filed the instant petition shortly after the court of appeals' decision, filed on September 12, 2005, denying his motion to vacate.

## II. THE STATUTE OF LIMITATIONS

The petition suffers from a number of procedural deficiencies. For example, the

2

named respondent is not petitioner's custodian, who is the warden of the correctional facility where petitioner is confined, but the United States. Further, it is not at all clear that petitioner's claim was properly presented to the state courts. Apparently, the only way in which he raised the claim was by a motion to vacate sentence filed in the state court of appeals, and it is unclear if he appealed the denial of his motion to the Ohio Supreme Court. However, the most significant procedural issue in this case is the statute of limitations.

The instant petition was filed more than one year after the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996. This statute contains a one-year statute of limitations. *See* 28 U.S.C. §2241(d)(1). That limitations period was made applicable to cases in which the petitioner's conviction became final before passage of the Act, and in those cases it allowed petitioners one year, or until April 24, 1997, to file a timely petition. *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Petitioner's convictions both appear to have become final prior to April 24, 1996, so he had only until April 24, 1997, to file a timely federal habeas corpus petition. Clearly, he did not do so, and the statute of limitations ran out on that date. Petitioner's later filing of some type of collateral attack on his sentence did not revive the statute of limitations because it had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The failure to file within this one-year time frame can be excused if, *inter alia*, the petition asserts a claim arising under a newly-recognized constitutional right and it is filed within one year of the recognition of this right, provided that "the right has been ... made

retroactively applicable to cases on collateral review ...." 28 U.S.C. §2241(d)(1). Here, as the Court construes petitioner's claim that a trial fact-finder must decide issues relating to sentence enhancements, petitioner is asking that this Court apply the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004) to invalidate his sentences. However, this Court has repeatedly held that *Blakely* cannot be applied retroactively to cases in which the conviction became final prior to the decision in *Blakely*. As the Court stated in *Winters v. Warden, Noble Correctional Institute*, 2007 WL 2733995, *5 (S.D. Ohio September 13, 2007),

> It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review. *See, e.g., United States v. Saikaly*, 424 F.3d 514, 517 & n. 1 (6th Cir.2005) (and supporting cases from other circuit courts cited therein); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.), *cert. denied*, 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States*, 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter). *Cf. Hanna v. Jeffreys*, No. 2:05cv727, 2006 WL 462357, at *6 (S.D.Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that " § 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* ... because *Blakely* is not retroactively applicable to cases on collateral review"), adopted, 2006 WL 689060 (S.D.Ohio Mar. 26, 2006) (Graham, J.) (unpublished).

Because *Blakely* does not apply to petitioner's case, he cannot satisfy this exception to the statute of limitations. Of course, since *Blakely* does not apply, his claim would also fail on its merits.

As noted, the petition also appears to assert a claim under Ohio law relating to the imposition of more than the minimum sentence on a first-time offender. Federal habeas corpus relief can issue only to correct federal constitutional errors that arise during the

4

course of state court proceedings; "it is not the function of a federal habeas court to correct errors in state law ...." *Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990). Consequently, in addition to being time-barred, this claim provides no basis upon which habeas relief can be granted.

### III. RECOMMENDED DISPOSITION

For all of the foregoing reasons, it is recommended that the instant petition be **DENIED.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Terence P. Kemp*
United States Magistrate Judge

6